# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. WOMACK, | CASE NO. 1:09-cv-01241-LJO-YNP PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| NOLA GRANNIS, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Daniel W. Womack ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Substance Abuse Treatment Facility and State Prison ("SATF-CSP") in Corcoran, California. Plaintiff is suing under section 1983 for the violation of his rights under the Fourteenth Amendment. Plaintiff names Nola Grannis, M. A. Baires, R. Gomez, R. Hall, and J. Lais as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff's complaint will be dismissed and Plaintiff will be given leave to file an amended complaint that cures the deficiencies identified by the Court within 30 days.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

Plaintiff appeared in a rule violation hearing on April 22, 2008 along with several other inmates. Defendant Baires told Plaintiff and the other inmates that even if they plead "not guilty" to the rule violation, Baires would still find them guilty. Baires then proceeded to describe the punishment that the inmates would receive. Plaintiff complains that he was found guilty of a rule violation without the presentation or consideration of any exculpatory evidence. Plaintiff also complains that his punishment was far more severe than the punishment that the other inmates received for the same offense. On June 4, 2008, Plaintiff filed an inmate appeal complaining about the disciplinary hearing. On July 22, 2008, Defendant Gomez denied Plaintiff's second-level appeal.

///

On March 17, 2009, Defendant Grannis denied Plaintiff's director's level appeal. Plaintiff contends that he was denied his rights under the Due Process Clause at the rule violation hearing.

On May 30, 2008, Plaintiff was seen by the Unit Classification Committee ("UCC"). The UCC was chaired by Defendant Lais. At the meeting, Plaintiff was removed from his work assignment and his gate-pass was removed. Plaintiff complained that he was being punished more severely than other similarly situated inmates. Lais told Plaintiff that the other inmates appeared before UCCs chaired by different prison officials and it was Lais' policy to prescribe the maximum allowable punishment for rule violations. Plaintiff filed an appeal on July 13, 2008 complaining about the unequal treatment. On September 22, 2008, Defendant Hall denied Plaintiff's second-level appeal. On March 16, 2009, Defendant Grannis denied Plaintiff's director's level appeal. Plaintiff contends that the unequal treatment violated his rights under the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff alleges that, as a result of the disciplinary hearing and the decision by the UCC, Plaintiff was found guilty of a rule violation, assessed thirty days loss of credit, placed into "privilege group 'C'" for 90 days, removed from his job assignment, placed into "w/p group A2B" for thirteen months, and denied all employment opportunities and recreation program activities. (Compl. 7:24-8:6.) Plaintiff was also denied the opportunity to reduce his classification score in order to qualify for transfer to a "level 3 facility," where Plaintiff would enjoy additional freedom and privileges. (Compl. 8:12-14.)

**III.    Discussion**

    **A.    Due Process Claims**

Plaintiff claims that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment by presuming his guilt at a rule violation hearing before Plaintiff was given the opportunity to present any evidence. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty

interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether a hardship is sufficiently significant enough to warrant due process protection, the Court looks to (1) whether the challenged condition mirrored those conditions imposed upon inmates imposed upon inmates in administrative segregation and protective custody and is thus within the prison's discretionary authority to impose, (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994). "When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

In order to state a cognizable due process claim, Plaintiff must first establish that he was deprived of a protected liberty interest. Among the punishments he received, Plaintiff alleges that he was "placed into privilege group 'C' for ninety (90) days" and "placed into w/p group A2B for thirteen (13) months." (Compl. 7:24-8:6.) The Court is unfamiliar with what it means to be placed in privilege group C, or placed into w/p group A2B. Plaintiff does not describe what these punishments entail. Plaintiff vaguely complains that he "suffered increased cell-confinement." Plaintiff also complains that he was removed from his job assignment and denied employment opportunities and recreation program activities.

Plaintiff has failed to demonstrate that these punishments constitute an "atypical and significant hardship" when compared to the conditions that inmates not in disciplinary segregation are held in. It is not sufficient to demonstrate that Plaintiff's conditions are more severe than the conditions that he was held in prior to disciplinary segregation. Prison officials have discretionary authority over the conditions in which prisoners are held. Thus, if the conditions that Plaintiff was held in were not a significant departure from the conditions that prison officials have discretion to impose on inmates for non-disciplinary reasons, such as administrative segregation, Plaintiff has no liberty interest at stake. Plaintiff does not have a protected liberty interest in his job assignment or employment opportunities. See Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (no property or liberty interest in prison employment). Further, Plaintiff does not have a protected liberty interest in his classification score, or being housed in a more favorable prison facility. See Meachum v. Fano, 427 U.S. 215, 224 (1976) (no liberty interest in being incarcerated in a particular institution); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (no liberty interest in a particular classification status).

Plaintiff also alleges that he was assessed thirty days loss of credit. Presumably, the loss of credit impacts the length or duration of his sentence, which may be significant enough to implicate a protected liberty interest. Plaintiff alleges that he was denied due process due to a procedural defect in his disciplinary hearing. If established, the defect--Defendant Baires' failure to allow Plaintiff to present exculpatory evidence at his disciplinary hearing--would necessarily imply the invalidity of the deprivation of his good-time credits. His claim is thus barred by the doctrine from

Heck v. Humphrey, 512 U.S. 477 (1994). Edwards v. Balisok, 520 U.S. 641, 648 (1997). Plaintiff's claim is barred despite the fact that he is seeking declaratory relief and money damages, and not restoration of his good-time credits. Id. Plaintiff's claim is not cognizable unless he can demonstrate that the judgment has previously been invalidated, either by being reversed on appeal, expunged, or called into question by the issuance of a write of habeas corpus. Heck, 512 U.S. at 486-87. Plaintiff has not alleged that the judgment from the disciplinary hearing has been previously invalidated. Plaintiff fails to state any cognizable claims for the violation of his rights under the Due Process Clause.

### B. Equal Protection Claims

Plaintiff claims that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment by punishing him more severely than other similarly situated inmates. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

///

Plaintiff claims that he was punished more severely than other inmates who committed similar offenses. When Plaintiff complained that he was being punished more severely than other inmates found guilty of the same rule violation, Defendant Lais told Plaintiff that those inmates appeared before different UCC chairpersons and it is Lais' policy to administer the most severe punishment allowable. Plaintiff does not allege that the punishment that he received was outside the range of permissible punishments given for his rule violation. It is not clear whether Plaintiff is comparing his punishment with the punishment of other inmates involved in the same incident (Plaintiff and his coconspirators or codefendants), or if Plaintiff is comparing his punishment with the punishment of other inmates who violated the same rule (Plaintiff and other inmates who violated the same rule, but in separate incidents). In either case, Plaintiff has no claim. In the criminal setting, "[a] sentencing judge is under no obligation to equalize sentences among coconspirators or codefendants." U.S. v. Kohl, 972 F.2d 294, 300 (9th Cir. 1992) (citing U.S. v. Monroe, 943 F.2d 1007, 1017 (9th Cir. 1991)). Applied by analogy here, a prison official determining punishments for rule violations has no obligation under the Equal Protection Clause to equalize sentences among coconspirators or codefendants involved in a rule violation. Further, Plaintiff was punished by a different UCC chairperson than the other inmates he compares himself with and the facts and arguments presented before the other sentencing authorities were no doubt different from the facts and arguments that Plaintiff presented before Defendant Lais. Thus, Plaintiff is not "similarly situated" to other inmates found guilty of the same rule violation before different UCC chairpersons. Plaintiff fails to state any cognizable claims against any defendants for the violation of his rights under the Equal Protection Clause.

## IV. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations'", "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2.  The Clerk's Office shall send Plaintiff a complaint form;

///

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 17, 2009**         /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE