# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. WOMACK,<br><br>        Plaintiff,<br><br>    v.<br><br>NOLA GRANNIS, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:09-cv-01241-LJO-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING DISMISSAL OF ACTION WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 8)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I.  Procedural History

Plaintiff Daniel Womack is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California.  Plaintiff filed a complaint on July 17, 2009, alleging a violation of his rights under the Fourteenth Amendment.  An order dismissing the complaint, with leave to amend within thirty days, was issued on December 17, 2009.  Plaintiff filed an amended complaint on January 11, 2010.  For the reasons set forth below, the Court finds that the Plaintiff has failed to state a cognizable claim.

## II.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**III.    Amended Complaint**

Plaintiff and several other inmates were accused of having participated in a work stoppage at SATF and were charged with a rule violation. (Doc. 8, Amend. Comp., ¶ 13.) On April 22, 2008, a rule violation hearing took place. (Id., ¶ 14.) Prior to conducting the hearings, the hearing officer, Defendant Baires, explained the process to the inmates. Plaintiff alleges that during this explanation, and prior to any evidence being presented, Defendant Baires told the inmates that he was going to find them guilty. Defendant Baires then went on to describe the punishment they would receive.(Id., ¶ 15.)

The hearings for all of the other inmates were conducted. (Id., ¶ 17.) Each hearing was brief, the time it took to read the charges, take the plea, and deliver the judgment. (Id., ¶ 18.) Defendant Baires found no mitigating factors in sentencing the inmates. (Id., ¶ 31.) Plaintiff, the last inmate to be heard, pled not guilty and objected to Defendant Baires presiding over the hearings due to bias,

which he alleged was exhibited by the statement made by Defendant Baires prior to the hearing that he would find the inmates guilty. (Id., ¶ 20.) Defendant Baires proceeded to conduct the hearing, which lasted approximately thirty minutes. (Id., ¶ 22.) Plaintiff called witnesses during his defense. (Id., ¶ 33.) At the conclusion of the hearing, Plaintiff was found guilty and judgment was imposed. (Id., ¶¶ 24-25.) Defendant Baires found no aggravating factors in sentencing Plaintiff. (Id., ¶ 33.)

Judgment was for Plaintiff to be removed from his job assignment and placed into work/privilege ("w/p") group C. This designation required Plaintiff to dispose of personal property by mailing it to a willing recipient, donating it or destroying it. (Id., ¶ 25.) Plaintiff was only allowed out of his cell on weekdays for two meals and one and one half hours of recreation. (Id., ¶ 26.) He also lost good time credit. (Id., ¶ 30.) Plaintiff alleges that the inmates who pled guilty were not placed in C status and were permitted to select their punishment from a list provided by Baires. (Id., ¶ 26.) Additionally, many of the other inmates who pled guilty to the rule violation were given job assignments within a few days. Several of the inmates were given assignments at the Prison Industry Authority where they earn the highest wage available to inmates at SATF. (Id., ¶¶ 28-29.) On March 17, 2008, Defendant Grannis denied Plaintiff's appeal. (Id., ¶ 40.)

On May 30, 2008, Plaintiff appeared before the Unit Classification Committee ("UCC"), chaired by Defendant Lais, for a review of Plaintiff's program. (Id., ¶ 44.) The UCC removed Plaintiff from his assignment, established w/p group A2B, and removed his gate-pass. (Id., ¶ 45.) Plaintiff objected to the decision of the UCC alleging that he was being punished more severely than similarly situated inmates. (Id., ¶ 46.) Defendant Lais told Plaintiff that the other inmates appeared before a UCC chaired by different prison officials and it was Defendant Lais' policy to proscribe the maximum allowable punishment for rule violations. (Id., ¶ 50.)

On June 4, 2008, Plaintiff filed an appeal challenging the disciplinary proceedings, claiming there was a "great disparity in dispositions and punishments imposed upon the several inmates found guilty of the same infraction in the same incident." (Id., ¶ 35.) On July 13, 2008, Plaintiff filed an appeal complaining about the alleged unequal treatment. (Id., ¶ 52.) Defendant Gomez denied Plaintiff's first level appeal on July 22, 2008. (Id., ¶ 36.) On September 22, 2008, Defendant Hall denied Plaintiff's second level appeal. (Id., ¶ 53.) On March 16, 2009, Defendant Grannis denied

Plaintiff's director's level appeal. (Id., ¶ 57.) On June 9, 2009, Plaintiff attended a UCC to conduct an annual program review. (Id., ¶ 61.) At that hearing Plaintiff's good conduct credits were restored. (Id., ¶ 62.)

Plaintiff alleges that as a result of being found guilty at the disciplinary hearing, the decision by the UCC, and the denials of his appeals, he was 1) assessed a loss of thirty days credit; 2) placed into C status for ninety days; 3) removed from his job assignment; 4) "placed into 'w/p group A2B' for thirteen months;" 5) confined to his cell for all but approximately two hours on weekdays; and 6) denied all employment and many recreational program activities that were available to other inmates that were "found guilty of the same rule violation for the same incident." (Id., ¶ 63.)

Plaintiff brings suit against Defendants Baires, Grannis, Gomez, Hall, and Lais in their official and individual capacities, for violations of his due process and equal protection rights, alleging he was treated more harshly than the similarly situated inmates who participated in the same event.

### IV.   Discussion

#### A.   Due Process

Plaintiff claims that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment by allowing the judgment to remain after a hearing conducted by a biased hearing officer. (Doc. 8, Amend. Comp., ¶ 73.) The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

##### 1.   Loss of Time Credits

The Due Process Clause does not give a prisoner a liberty interest in receiving good time

credits, however a state may create a liberty interest by statutory provision. <u>Sandin</u>, 515 U.S. at 472; <u>Wolff v. McDonnell</u>, 418 U.S. 539, 557 (1994). Where the action is brought to restore time credits, the effect is to shorten the term of confinement and the action would need to be brought by habeas corpus. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005). If Plaintiff was seeking to have time credits restored, Plaintiff's section 1983 claim would be barred until such time as Plaintiff invalidated the result of the disciplinary hearing through a petition for writ of habeas corpus or the prison's internal administrative process. <u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004). However, according to his complaint, the time credits which were taken away from Plaintiff were restored at the UCC hearing on June 9, 2009. (Doc. 8, Amend. Comp., ¶ 62.) Therefore, Plaintiff has not suffered a loss of a liberty interest due to denial of time credits.

### 2. **Reclassification**

A prisoner does not have a constitutional right to a particular classification while incarcerated. <u>Hernandez v. Johnson</u>, 833 F.2d 1316, 1318 (9th Cir. 1987). Plaintiff alleges that after the rule violation hearing he was placed into C status for ninety days and then into "w/p group A2B" for thirteen months. (Doc. 8, Amend. Comp., ¶ 63.) Since there is no constitutional right to a particular classification while incarcerated, no liberty interests exists in Plaintiff's placement into these categories.

### 3. **Loss of Job**

The Due Process Clause does not give a prisoner a protected property or liberty interest in having a prison job. <u>Walker v. Gomez</u>, 370 F.3d 969, 973 (9th Cir. 2004); see <u>Baumann v. Ariz. Dept. Of Corrections</u>, 754 F.2d 841, 846 (9th Cir. 1985). Any liberty or property interest in prison employment would have to be conferred under state law. <u>Sandin</u>, 515 U.S. at 484. California has affirmatively rejected the creation of a protected liberty or property interest in a prison job. Cal. Const. Art. XIV § 5(c).

### 4. **Increased Cell Confinement**

Plaintiff alleges he was confined to his cell twenty two hours a day for five days a week. (Doc. 8, Amend. Comp., ¶ 63.) Plaintiff's allegations do not support a claim that this constituted "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

5

Keenan, 83 F.3d at 1088.

Since Plaintiff has not identified a protected liberty interest, he has failed to state a cognizable claim for a violation of the Due Process Clause.

### B. Equal Protection

Plaintiff alleges that his right to equal protection was violated because he was sentenced more harshly than other inmates who pled guilty to the same rule violation. (Doc. 8, Amend. Comp., ¶ 73.) The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

The other inmates with whom Plaintiff is trying to align himself all pled guilty to the rule violation at the hearing. (Doc. 8, Amend. Comp., ¶ 18.) Plaintiff pled not guilty and proceeded with a contested hearing where he presented witnesses in his defense. (Id. ¶¶ 20, 22, 33.) Even in his complaint Plaintiff states his hearing was "in sharp contrast to the hearings of the other inmates." (Id., ¶ 22.) As the inmates were not similarly situated, Plaintiff has failed to state a cognizable claim for a violation of his equal protection rights.

### V. Conclusion

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983 against any named Defendant. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient

to state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     October 22, 2010                                      _____
                                                                  UNITED STATES MAGISTRATE JUDGE